MUNICIPALITY OF AGUADILLA, PLAINTIFF AND APPELLEE, *v.* AMERICAN RAILROAD COMPANY ET AL., DEFENDANTS AND APPELLANTS.

Appeal from the District Court of Aguadilla in Mandamus Proceedings.

No. 2600.—Decided July 10, 1922.

MANDAMUS—PLEADING—MINISTERIAL DUTY.—In order that the performance of a duty may be enforced by means of a writ of mandamus it is necessary that the petitioner show that the duty in question is one resulting from an office, trust or station, and in that respect the petition in this case is defective.

The facts are stated in the opinion.

*Messrs. M. Acosta Velarde* and *F. H. Dexter* for the appellants.

*Mr. J. Valldejuli* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

This was an application for a writ of mandamus by the municipality of Aguadilla. The petition, after showing who the parties are, sets up as follows:

"IV. That the said American Railroad Company of Porto Rico, doing business with the properties of the Railroads Company of Porto Rico as assignee, is operating the said railroad line from San Juan to Ponce and passing through Aguadilla by virtue of a franchise granted to it by the Executive Council on October 28, 1901.

"V. That by virtue of a franchise entitled 'An ordinance granting to the Compañía de los Ferrocarriles de Puerto Rico and its assign, the American Railroad of Porto Rico, a revocable permit to construct a branch track into the town of Aguadilla and to cross and use certain portions of certain public highways in and near the town of Aguadilla,' approved May 23, 1903, the said American Railroad Company of Porto Rico constructed a branch track from the place known as Higuey ward through Progreso street crossing Betances street and running through Comercio street to a place where the station of the said company stands at the place known as La Playa.

"VI. That pursuant to the terms and requirements of the said franchise the defendant, the American Railroad Company of Porto Rico, is bound to put a passenger train at the service of the community from the point where said branch starts to the station in the city at the place known as La Playa for each passenger train arriving at Aguadilla by the general line of the said company, so that passengers for Aguadilla may be able to reach the city.

"VII. That the said branch running through the aforesaid streets of the city of Aguadilla to the center of the city is a direct route or track for the public and for the best comfort of the same and it is necessary for the convenience of the community and of the public in general and also necessary for the convenience and comfort of the traveling public."

Then the petition goes on to set out that the respondent American Railroad Company has failed to comply with the duty thus set forth; that the trains have not been run over the branch described, and that petitioner has no other remedy. The answer was in effect a demurrer so that all the facts of the petition that are well pleaded may be taken as admitted.

The court, after a hearing, ordered the defendant to put a train at the service of the community of Aguadilla over the branch in question. Two errors are assigned on appeal, namely; 1. That the district court erred in rendering judgment against the defendant and holding that it had authority or jurisdiction to try this case. 2. That the district court erred in rendering judgment against the defendant and holding that petitioner has no proper or adequate remedy at law.

If the petition be examined it will be seen that the words of the ordinance by which it became the duty of the defendant to run a train into Aguadilla are not transcribed, so that we have no means of ascertaining exactly what the duty was and how it arose. The law of mandamus requires that the duty must result from an office, trust or station, but here, if we may indulge in inferences, the duty is supposed to arise by reason of an ordinance, probably agreed to and accepted by the defendant. The petition does not state who made the ordinance, but let us infer that it was the municipality. We may question then whether the municipality by ordinance can impose a duty on a railroad company to run a train into Aguadilla. It would seem necessarily to be, on the facts alleged, a duty arising by virtue of an agreement and not by virtue of a public law. The appellee has not shown us that the defendant had a duty that may be enforced by the law of mandamus. In this regard the case of *Northern Pacific Railroad* v. *Dustin*, 142 U. S. 492, is probably applicable.

The appellant insists that the petitioner has another legal remedy and, assuming a proper interest in the municipality, we think the appellant is right. The Legislature of Porto Rico has established a Public Service Commission and in the law establishing it the commission has been given broad powers. Act No. 70 of 1917. If there is a duty in the company to run this train into Aguadilla, the said commission should attempt to enforce it. At least the Legislature has

given no other body the power to make a railroad run trains. It may be true, as appellee maintains, that the Public Service Commission has no power to make the railroad comply with its orders, but the appellee has not shown us that we can do so here.

We do not find that the appellee made out a case for the issuance of a mandamus. Hence the judgment appealed from must be reversed and the petition dismissed.

*Reversed.*

Chief Justice Del Toro and Justices Aldrey and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.